# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **LONNIE KADE WELSH,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **A-20-CV-337-RP** |
| | § | |
| **BRYAN COLLIER, et al.,** | § | |
| **Defendants.** | § | |

## <u>ORDER</u>

Before the Court are several pending motions: defendants Marsha McLane, Rachel Nowlin, Valencia Pollard-Forstsan, and Katherine Rediskez's Motions to Dismiss (ECF Nos. 31, 34), and Plaintiff Lonnie Kade Welsh's Motion to Quash (ECF No. 36), Motion to Compel Discovery (ECF No. 37), Motion to Dismiss in Part and Affirm in Part Plaintiff's Motion to Compel Discovery (ECF No. 43), and second Motion to Amend (ECF No. 39). Plaintiff is proceeding pro se and in forma pauperis in this 42 U.S.C. § 1983 civil-rights lawsuit. He is also a civilly-committed Sexual Violent Predator (SVP) currently in custody at the Texas Civil Commitment Center (TCCC) in Littlefield, Texas.

Regarding Plaintiff's second motion to amend, the Court notes it previously granted Plaintiff's unopposed Motion to Extend the Scheduling Order Deadline wherein Plaintiff stated he spoke with Adam Fellows, counsel for defendants Bryan Collier, Joni White, and Marsha McLane, and that he and Fellows agreed "to extend the date to amend or supplement pleadings or to join additional parties by September 17, 2020." (*Id.*) Plaintiff thereafter filed his second Motion to

1

Amend on September 14, 2020.[1] Although the facts and claims are largely unchanged from his first amended complaint, Plaintiff names defendants McLane and Collier in their official capacities in addition to their individual capacities, and names three new defendants: Tara Burson, Marissa Bartholete, and April Thompson, all alleged members of the State Classification Committee (SCC) at the Texas Department of Criminal Justice—Correctional Institutions Division.

A party may amend its pleading once as a matter of course within 21 days after serving it. FED. R. CIV. P. 15(a)(1)(A). In all other cases a party may amend its pleading only with the opposing party's written consent or the court's leave. FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Determining when justice requires permission to amend rests within the discretion of the court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Nilsen v. City of Moss Point, Miss.*, 621 F.2d 117, 122 (5th Cir. 1980). Justifications for denying leave to amend include undue delay, bad faith, and dilatory motive, *see Cantú v. Moody*, 933 F.3d 414, 424 (5th Cir. 2019) (quotation and citation omitted), as well as whether the facts underlying the amended complaint were known to the party when the original complaint was filed, *see In re Southmark Corp.*, 88 F.3d 311, 316 (5th Cir. 1996). Nonetheless, Rule 15 "evinces a bias in favor of granting leave to amend." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (citations omitted).

---

[1] Although Plaintiff's motion was not received by the Clerk's Office until September 18, 2020, it is dated September 14, 2020 and is considered timely pursuant to the prison mailbox rule. *See Stoot v. Cain*, 570 F.3d 669, 671 (5th Cir. 2009) (prisoner's pleading is deemed filed on the date that the *pro se* prisoner submits the pleading to prison authorities for mailing); *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016) (prison mailbox rule applies to SVP's Rule 59(e) motion, given the level of SVP's confinement and his inability to file the motion himself).

Although Plaintiff's proposed second amended complaint contains relatively few new factual allegations, he does name three new defendants—names he alleges he only recently received—and names defendants Collier and McLane in their official as well as individual capacities. Further, in Plaintiff's motion to change the scheduling order, he stated Adam Fellows agreed to his proposed scheduling changes and, in any event, no defendant has filed an opposition to Plaintiff's motion to amend. Accordingly, the Court grants Plaintiff's second motion to amend his complaint, and as a result, dismisses the two pending motions to dismiss—directed at Plaintiff's first amended complaint—without prejudice to refiling, and dismisses Plaintiff's motion to quash as moot.

Turning to Plaintiff's Motion to Compel, Plaintiff alleges Collier failed to answer some of his interrogatories and that defendants McLane, Pollard-Forstsan, Nowlin, and Rediskez failed to answer at all. He states he is seeking the identity and address of the Step II Medical Grievance officer he names in his complaint; he also seeks sanctions. (ECF No. 37.) In response, defendants Pollard-Forstsan, Nowlin, and Rediskez object to engaging in any discovery prior to the Court's ruling on their entitlement to qualified immunity. They also argue Plaintiff's motion should be denied because it is procedurally deficient: first, the motion does not include the certification required by Federal Rule of Civil Procedure 37(a)(1); second, Plaintiff failed to confer with defendants' counsel as required by Rule 37; and third, the motion fails to comport with Federal Rule of Civil Procedure 7(b)(1). (ECF Nos. 40, 41.)

Plaintiff subsequently filed a motion to dismiss in part and affirm in part his discovery motion, stating that defendants Collier and McLane had complied with his discovery requests and he thus sought to dismiss his motion as it applied to them; however, he reaffirmed his motion to

compel as it applied to defendants Pollard-Forstsan, Nowlin, and Rediskez. (ECF No. 43.) The Court will grant Plaintiff's request to dismiss Collier and McLane from his Motion to Compel.

Defendants Pollard-Forstsan, Nowlin, and Rediskez argue they are immune from discovery by virtue of having asserted their entitlement to qualified immunity in their Motion to Dismiss. Although the Supreme Court held in *Harlow* that discovery should not be allowed until the issue of immunity is resolved, *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), not all discovery is forbidden. Rather, only discovery that is either avoidable or over broad is not permitted. *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987). The Fifth Circuit has held that "when the district court 'is unable to rule on the immunity defense without further clarification of the facts' and when the discovery order is 'narrowly tailored to uncover only those facts needed to rule on the immunity claim' an order allowing such limited discovery is neither avoidable nor overly broad." *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995) (quoting *Lion Boulos*, 834 F.2d at 507-08). As a result, Defendants' assertion that they are entitled to qualified immunity is not enough to immunize them from Plaintiff's discovery requests.

Further, Defendants' argument that the Court should deny Plaintiff's motion because he failed to comply with the requirements of Rule 7 and 37 is also unpersuasive: Plaintiff is in custody at the TCCC[2] thus curtailing his ability to confer with defendants. Further, the Court is mindful of its duty to treat pro se litigants with more leniency than represented parties.

The Court has just granted Plaintiff's second motion to amend and, according to the scheduling order, the parties have until April 19, 2021, to complete discovery, six months from now. The Court therefore grants Plaintiff's Motion to Compel against defendants Pollard-Fortsan,

---

[2] It appears from Plaintiff's change of address notice filed on October 5, 2020 that he is currently being detained at the Lamb County Jail. (ECF No. 42.)

Nowlin, and Rediskez to the extent that the information he seeks would clarify their entitlement to qualified immunity, should they choose to re-plead that affirmative defense. Further, defendant Pollard-Fortsan is ordered to disclose, if known, the name and address of the Step II Medical Grievance Program Officer Plaintiff refers to in his complaint and in his interrogatories.

It is therefore **ORDERED** that Plaintiff's Motion to Amend (ECF No. 39) is **GRANTED**;

It is further **ORDERED** that the Motions to Dismiss filed by McLane, Nowlin, Pollard-Forstsan, and Rediskez are **DISMISSED WITHOUT PREJUDICE** to refiling (ECF Nos. 31, 34) and Plaintiff's Motion to Quash is **DISMISSED WITHOUT PREJUDICE** as moot (ECF No. 36);

It is further **ORDERED** that Plaintiff's Motion to Dismiss in Part and Affirm in Part (ECF No. 43) is **GRANTED IN PART** as against defendants Collier and McLane; and

It is finally **ORDERED** that Welsh's Motion to Compel Discovery (ECF No. 37) is **GRANTED IN PARTED** and is limited to that which is necessary to address the qualified immunity issue and the identity of the Step II medical grievance officer; Plaintiff's request for sanctions is **DENIED.**


SIGNED this 27th day of October, 2020.


_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE